UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>ALEJANDRO ACEVEDO LUNA | Case No.<br>6:22-cr-20-CEM-RMN |

### REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Defendant Alejandro Acevedo Luna's Motion to Proceed In Forma Pauperis On Appeal (Dkt. 252) and Affidavit (Dkt. 253), both of which were filed on May 27, 2025.

Defendant moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), arguing the Court should retroactively apply Amendment 821, Part B, Subpart 1 to reduce his sentence because he is a zero-point offender. Dkt. 232 at 1, 6. The Court denied the motion in an endorsed order, stating Defendant "is not eligible for a reduction." Dkt. 247. Defendant seeks appellate review of the denial (Dkt. 249) and moves to proceed in forma pauperis (Dkt. 252).

Rule 24 of the Federal Rules of Appellate Procedure governs requests for leave to appeal in forma pauperis. Where a party was previously determined to be financially unable to obtain an adequate defense in a criminal case, the party may proceed on appeal in forma

pauperis without further authorization unless a statute provides otherwise, or the Court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3). "Thus, two requirements must be satisfied for a party to prosecute an appeal in forma pauperis: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2)the appeal must be brought in good faith." *United States v. Goveo-Zaragoza*, No. 8:07-cr-99, 2016 WL 11431324, at *1 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 11430065 (M.D. Fla. Jan. 28, 2016). Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless" or its factual contentions are "clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Defendant's affidavit establishes that he satisfies the first requirement—he has previously found to be indigent for purposes of this motion. Dkt. 237. That said, the motion should be denied on substantive grounds. Construed liberally,[1] any basis for appeal appears frivolous and thus is not brought in good faith. Defendant

---

[1] The Court should liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

asserts no arguable, good faith basis to appeal the Court's Order denying his Motion for an Amendment 821 Sentence Reduction.[2]

In its findings, the Court adopted the presentence investigation report for Defendant without change. Dkt. 193 at 1. The report's calculation of Defendant's offense level included a two-level increase under USSG § 2D1.1(b)(1) based on the recovery of a firearm at the scene of Defendant's arrest. Dkt. 181 at 7. Because Defendant received this enhancement, he is not eligible for a reduction. *See* USSG § 4C1.1(a)(7). And because Amendment 821 does not apply to Defendant, the Court was not required to recalculate the applicable sentencing guidelines range or evaluate the factors found in 18 U.S.C. § 3553(a). *See United States v. Villar*, No. 2:15-cr-115, 2025 WL 1412430, at *1 (M.D. Fla. May 15, 2025).

Accordingly, I respectfully **RECOMMEND** the Court:

1. **DENY** Defendant's Motion to Proceed In Forma Pauperis On Appeal (Dkt. 252) on the grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith and

---

[2] Defendant seeks review of the Court's (1) finding that he was ineligible for a sentence reduction, (2) failure to follow the mandatory two-step framework set forth in *Dillion v. United States*, 560 U.S. 817 (2010), and (3) use of an "unexplained, one-line endorsed order." Dkt. 253 at 1.

2. **DIRECT** the Clerk to notify the Court of Appeals of the above ruling in accordance with Federal Rule of Appellate Procedure 24(a)(4).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Fed. R. Crim. P. 59. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; *see also* 28 U.S.C. § 636(b)(1)(B).

**ENTERED** in Orlando, Florida, on June 3, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Alejandro Acevedo Luna, #91352-509
FCI Yazoo Correctional Institution
P.O. Box 5000
Yazoo City, Mississippi 39194

Counsel of Record